UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CHARLES JONES, | No. 2:20-cv-0708 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is a county detainee proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## I.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.    Pleading Requirements

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

////

### III.    Plaintiff's Allegations

Plaintiff, a detainee confined at the Rio Consumnes Correctional Center in Elk Grove, California, brings First Amendment and Fourteenth Amendment claims against the County of Sacramento and Public Defender Ms. Delaroso. He seeks damages and injunctive relief.

Plaintiff's allegations are reproduced here in their entirety:

> My 1st Amendment rights were violated when I told the judge that due to my religious beliefs I cannot be represented by an attorney. The attorney to date has not been removed. My due process rights have been violated by waiving time in my case when Ms. Delaroso should not be able to represent me.

### IV.    Discussion

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48–49 (1988). Plaintiff cannot maintain a claim against Ms. Delaroso, his public defender, because she does not act "under color of state law" in performing a lawyer's traditional functions as counsel to an indigent defendant in a state criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Plaintiff also does not state a claim against Sacramento County because he does not allege that any alleged violation of his constitutional rights followed from the unconstitutional implementation or execution of a municipal "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978).

### V.    Conclusion

Plaintiff's complaint fails to state a claim on which relief may be granted. The Court will grant plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will

issue findings and recommendations to dismiss the complaint, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "First Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

3. Within thirty days from the date of service of this order, plaintiff must file either a first amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the complaint; and

4. If plaintiff fails to file a first amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

Dated:  August 25, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/jone0708.scrn